# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 6:03cr30073-8 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **DONALD PAUL OWENS.** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Donald Paul Owens, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 2004 drug conviction and sentence in this court. The United States has filed a motion to dismiss, and Owens has responded, making this matter ripe for consideration. I find that Owens's motion is barred by the one-year statute of limitations for filing a § 2255 motion, and that he has not demonstrated any grounds for equitable tolling. Therefore, I will grant the government's motion to dismiss.

**I.**

In 2004, pursuant to a written plea agreement, Owens pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine and 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea agreement was filed in open court on July 1, 2004, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and was fully endorsed by Owens, his counsel, and the Assistant United States Attorney. In the plea agreement, Owens acknowledged that his attorney had informed him of the nature of the charges against him and the elements of those charges, and that he was being held accountable for more than 15 kilograms of mixtures and substances containing methamphetamine, for purposes of relevant

1

criminal conduct. Owens's plea agreement specifically stated the following agreement and acknowledgement:

> I possessed chemicals and other equipment which I specifically intended to be used to manufacture mixtures and substances containing methamphetamine, a Schedule II controlled substance during my participation in the narcotics conspiracy to which I am pleading guilty. I understand that pursuant to Section 2D.1(b)(5)(B) of the Sentencing Guidelines, the applicable sentence for the offense to which I am pleading guilty will be enhanced by 3 levels.

(Docket no. 142, § 2(b).) Under the terms of the plea agreement, Owens, waived, *inter alia*, his rights to appeal any sentencing guideline factors or the court's application of the sentencing guideline factors to the facts of his case or to collaterally attack, pursuant to 28 U.S.C. § 2255, the judgment and any part of the sentence imposed upon him by the court.

Owens initialed every page of the plea agreement, including the page containing the waivers of his rights to appeal and collaterally attack the judgment and his sentence. By signing the plea agreement, Owens affirmed that he had "read the plea agreement and carefully reviewed every part of the agreement with [his] attorney," that he was "satisfied with [his] attorney and [his] attorney's advice" and that he understood the agreement, and voluntarily agreed to its terms.

I entered judgment on October 17, 2005, sentencing Owens to a term of 150 months incarceration. I also recommended to the Bureau of Prisons ("BOP") that Owens participate in the 500-hour drug treatment program while incarcerated. Owens did not appeal the judgment.

Owens submitted his § 2255 motion to the court on September 26, 2012, asserting two grounds for relief. First, he claims that he pleaded guilty only to distribution of methamphetamine, and not to the manufacture of methamphetamine, and therefore, the

sentencing enhancement he received pursuant to U.S.S.G. § 2D1.1(b)(5)(B)[1] was not supported by the facts. Owens claims that information related to his manufacture of methamphetamine was included in his pre-sentence report ("PSR"), and that the court added the sentencing enhancement based on the PSR.

Second, Owens claims that the sentencing enhancement he received pursuant to U.S.S.G. § 2D1.1(b)(5)(B) prevents the BOP from carrying out my recommendation as sentencing judge that he participate in a 500-hour drug rehabilitation program while incarcerated. Owens states that, in March 2009, the BOP changed its policy to preclude inmates from the drug rehabilitation program whose current offense is a felony which presents potential risk of physical force, which included inmates with sentencing enhancements under § 2D1.1(b)(5)(B). Owens asks the court to remove his sentencing enhancement, without altering the length of time to which he was sentenced or, alternatively, to order the BOP to waive the disqualification provision.

By conditional filing order, the court notified Owens that his motion appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Owens's response indicates that he was not eligible to participate in the 500-hour drug treatment program until December 2011, at which point he first discovered that a 2009 Bureau of Prisons policy precluded him from receiving certain benefits of the drug treatment program. In support of this argument, he cites *Shepard v. United States*, 544 U.S. 13 (2005), and *United States v. Reyes*, 691 F.3d 453 (2d Cir. 2012).

---

[1] This section provides as follows:

> If the offense (i) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to (I) human life […]; or (II) the environment, increase by 3 levels. If the resulting offense level is less than level 27, increase to level 27.

*See* U.S.S.G. § 2D1.1(b)(5)(B) (2003).

## II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As stated, Owens argues that the court should consider his § 2255 motion timely because he did not discover that BOP policy precluded him from receiving benefits of the 500-hour drug treatment program until December 2011.[2] He also refers to two cases, *Shepard v. United States* and *United States v. Reyes*, as supporting his argument; however, neither *Shepherd* nor *Reyes* support Owens's timeliness argument. In the first instance, Owens did not file within one year after *Shepard,* and *Reyes* was not decided by the Supreme Court of the United States, as required by § 2255(f)(3).

---

[2] In the section of his first amended motion addressing timeliness, Owens also states that,

> [w]ithout a transcript, I am unable to determine at this time whether or not my attorney properly objected to the PSI before the sentencing judge… This oversight did not come to my attention until December of 2011, when I was advised of the change in BOP policy which made the manufacture of methamphetamine the equivalent of a gun charge for the purposes of determining eligibility for time off after completion of RDAP.

(Docket no. 730, p. 12.) However, Owens does not show a reasonable probability that, but for his counsel's *possible* failure to object to the PSI, the outcome of the proceeding would have been different, as required for a successful ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 669 (1984).

In *Shepard v. United States,* the Supreme Court of the United States held that a sentencing court cannot look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary. 544 U.S. at 16. The Court held that a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *Id.* The *Shepherd* decision is not helpful to Owens because Owens *acknowledged in his plea agreement* that he had possessed chemicals and other equipment with the specific intention to use the chemicals and other equipment to manufacture mixtures and substances containing methamphetamine. He further acknowledged that he "understand pursuant to Section 2D.1(b)(5)(B) of the Sentencing Guidelines" that the applicable sentence for the offense to which he was pleading guilty would be enhanced by 3 levels. (Docket no. 142, p. 2.)

That the BOP ultimately determined that Owens was not eligible for benefits under the drug treatment program due to his sentencing enhancement does not meet any of the statutory exceptions to the one year filing requirement for § 2255 motions. In addition, the record reflects that I merely recommended to the BOP that Owens participate in the drug treatment program, and that I did not "order" his participation. *See Lopez v. Davis*, 531 U.S. 230 (2001) (determining which prisoners are eligible for substance abuse treatment is within the discretion of the BOP); 18 U.S.C. §§ 3621(b) & (e).

For the stated reasons, I find that Owens has not demonstrated grounds to support the application of § 2255(f)(2), (3) or (4), and Owens's motion is untimely under § 2255(f)(1). For purposes of the one-year limitations period § 2255(f)(1), when the defendant does not appeal, his

5

conviction becomes final when the opportunity to appeal expires. *United States v. Clay*, 537 U.S. 522, 524-25, 532 (2003). As stated, judgment was entered against Owens on October 17, 2005. Because he did not appeal the judgment, his conviction became final on October 31, 2005, when his opportunity to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A) (2005) (then-applicable version providing for 10 days, not counting weekends or holidays). Owens then had one year, until October 31, 2006, to file a timely § 2255 motion. As he filed his § 2255 motion on September 10, 2012, his claims challenging the legality of his 2004 sentence are untimely under §2255(f)(1), unless he demonstrates grounds for equitable tolling. Owens does not demonstrate any grounds to support a claim for equitable tolling.[3] Therefore, I must dismiss his § 2255 motion as untimely filed.[4]

### III.

For the reasons stated, I will dismiss Owens's § 2255 motion as untimely filed.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTERED** this ___9th___ day of July, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] To warrant equitable tolling, the defendant must establish that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted).

[4] The government argues, in the alternative, that the court should dismiss his motion because Owens made a knowing waiver of the right to collaterally attack his conviction and sentence, but the government has not submitted transcripts of Owens's plea hearing or sentencing hearing. In any event, there is no need for me to reach this alternative determination.